UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD COURSER,

        Plaintiff,

v

RADISSON HOTELS INTERNATIONAL, INC.,
a Delaware corporation, RADISSON GROUP, INC.,
a Minnesota corporation, CARLSON REZIDOR
HOTEL GROUP, an international partnership,
BLOCK 100 LIMITED PARTNERSHIP, a
Michigan limited partnership, and WINEGARDNER
& HAMMONS, INC., an Ohio corporation, and
WINEGARDNER & HAMMONS HOTEL GROUP,
LLC, a Delaware limited liability company.

        Defendants.

Case No. 1:18-cv-01232
Hon. Gordon J. Quist
Mag. Phillip J. Green

_____/

| | |
|---|---|
| MATTHEW S. DePERNO (P52622)<br>DePERNO LAW OFFICE, PLLC<br>Attorney for Plaintiff<br>951 W. Milham Ave.<br>P.O. Box 1595<br>Portage, MI 49081<br>(269) 321-5064 | ANTHONY J. KOSTELLO (P57199)<br>MELISSA N. MEZIN (P76373)<br>VANDEVEER GARZIA, P.C.<br>Attorneys for Defendants Radisson<br>Hotels International Inc., Radisson Group, Inc.,<br>Carlson Rezidor Hotel Group, Block 100<br>Limited Partnership, Winegardner &<br>Hammons, Inc. and Winegardner & Hammons<br>Hotel Group LLC<br>840 West Long Lake Road, Suite 600<br>Troy, MI 48098<br>(248) 312-2800/(248) 879-0042 (fax)<br>akostello@vgpclaw.com<br>mmezin@vgpclaw.com |

_____/

**DEFENDANTS' EMERGENCY SECOND MOTION FOR PROTECTIVE ORDER
AND TO QUASH NOTICES OF DEPOSITION**

NOW COME Defendants RADISSON HOTELS INTERNATIONAL, INC., RADISSON GROUP, INC., CARLSON REZIDOR HOTEL GROUP, BLOCK 100 LIMITED PARTNERSHIP, and WINEGARDNER & HAMMONS HOTEL GROUP, LLC by and through their attorneys, VANDEVEER GARZIA, P.C., and for their Emergency Second Motion for Protective Order and to Quash Notices of Deposition, state as follows:

1. As this Honorable Court is well aware, this is one of several lawsuits filed by Plaintiff, Todd Courser, stemming from his resignation from the Michigan House of Representatives on or about September 11, 2015 following Plaintiff's extramarital affair with a colleague and subsequent use of taxpayer resources to conceal the affair.

2. On August 20, 2020, this Court entered an OMNIBUS ORDER (ECF No. 143) granting Defendants' prior Motions for Protective Orders and to Quash the depositions of Defendants' corporate representatives (ECF Nos. 104, 109, 115).

3. As the Court will recall, Plaintiff was attempting to compel the Defendants' corporate representatives to travel to Grand Rapids, Michigan, including from out of state, to testify in person in the midst of the complications and concerns created by the COVID-19 pandemic.

4. In granting Defendants' Motions for Protective Order with regard to the depositions of Defendants' corporate representatives (ECF Nos. 104, 109, 115), the Court held in no uncertain terms as follows:

> **IT IS ORDERED that the depositions at issue shall be taken at either the witness's place of residence or usual place of employment.**

(ECF No. 143, PageID.2518).

5. The Court further ordered that the parties "shall confer in good faith to set dates and times for these depositions." (ECF No. 143, PageID.2518).

6. Despite the Court's clear and unequivocal directives, Plaintiff has violated the Court's OMNIBUS ORDER (ECF No. 143) by (1) failing to confer in good faith to set unilaterally available dates and times for the depositions of Defendants' corporate representatives.

7. To the contrary, after the close of business on May 13, 2021 at 7:58 p.m., Plaintiff's counsel emailed three "Re-Notices of Depositions" for corporate representatives of (1) Defendants, Radisson Hotels International, Inc. and Radisson Group, Inc., (2) Defendant, Winegardener & Hammons Hotel Group, LLC and (3) Block 100 Limited Partnership, **all to occur "VIA ZOOM" at unilaterally selected dates and times, as follows:**

- **May 26, 2021 at 8:30 a.m. (Block 100);**
- **May 26, 2021 at 1:30 a.m. (Radisson Hotels); and**
- **May 27, 2021 at 8:30 a.m. (Winegardner & Hammons Hotel Group).**

(See **Exhibits A, B and C**)

8. It is significant to note that the Defendants had complied with the Court's OMNIBUS ORDER (ECF No. 143) by providing Plaintiff's counsel with the names of each of the requested Rule 30(b)(6) witnesses on August 27, 2020. (See **Exhibit D**, 8/27/20 Correspondence).

9. In undersigned counsel's review of the Court's docket, Plaintiff did not file a proof of service of any Notices of Depositions of Defendants' corporate representatives between November 5, 2020 (ECF No. 157) and Plaintiff's counsel's email at 7:58 p.m. on May 13, 2021, nearly six months later.

10. It must further be noted that undersigned counsel has only recently become involved in the present matter. Indeed, undersigned counsel filed an Appearance on behalf of the Defendants merely eight days ago, on May 17, 2021.

11.  Also on May 17, 2021, the Defendants the Notice of Withdrawal of Counsel (ECF No. 170) of Attorney Anthony J. Kostello, who had previously been the lead attorney for the Defendants.  Mr. Kostello recently made the decision to leave private practice.

12.  Upon receipt of the "Re-Notices of Depositions," undersigned counsel advised Plaintiff's counsel that the specific witnesses requested require more notice and that defense counsel was unavailable for the proposed Rule 30(b)(6) depositions of the corporate representatives of his clients.

13.  In light of undersigned counsel's recent involvement in the present matter, Plaintiff's counsel verbally agreed to stipulate to an extension of the controlling Case Management Order dates in the present matter.  The Defendants relied on Plaintiff's counsel's verbal agreement.

14.  In the event that the Plaintiff's attorney denies his willingness to extend the scheduling order dates, attached as **Exhibit E** is an email communication from counsel for the Defendants, Mr. David Timmis, to counsel for the Plaintiff, Mr. Matthew DePerno, referencing the fact that Mr. Timmis "will be putting together a stipulation to extend dates…", to which counsel for the Plaintiff did not object or refuse to stipulate "at that time".

15.  Yesterday, May 24, 2021, undersigned counsel submitted a proposed Stipulated Order for adjournment of Case Management Order dates.  (See **Exhibit F**, 5/24/21 Correspondence).

16.  Contrary to Plaintiff's counsel's prior assertions, in response to undersigned counsel's May 24, 2021 correspondence, Plaintiff's counsel indicated that he intends to proceed with the unilaterally noticed depositions on May 26 and 27, 2021.  (See **Exhibit F**, 5/24/21 Response Correspondence).

17. Undersigned counsel has advised Plaintiff's counsel in no uncertain terms that the Defendants are happy to coordinate mutually available dates and times for the corporate representatives' depositions, but that the unilaterally noticed dates and times simply will not work.

18. Despite undersigned counsel's willingness to work in good faith to coordinate the depositions to occur on a mutually convenient date and time, as previously ordered by the Court, Plaintiff's counsel has refused to work in good faith.

19. Fed. R. Civ. P. 30 governs the depositions of party witnesses.

20. Pursuant to Fed. R. Civ. P. 26(c)(2), the court has broad discretion to alter the place of a noticed deposition. Indeed, this Court has already ordered that the depositions of the Defendants' corporate representatives proceed "at either the witness's place of residence or usual place of employment." (ECF No. 143, PageID.2518).

21. The general rule is that the deposition of a corporation by its agents and officers should be taken at the corporation's principal place of business. *Cris-Craft Prods., Inc. v. Kuraray Co.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999), citing *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982); see also *Farquhar v. Shelden*, 116 F.R.D. 70, 73 (E.D. Mich. 1987): "[C]ase law indicates that 'it will be presumed that the defendant will be examined at his residence or place of business or employment.' 4 *Moore's Federal Practice* Sec. 26.70 [1-3] at 26-541[.]"

22. Plaintiffs who bring a lawsuit and who exercise the first choice as to forum cannot complain if they are required to take discovery at great distances from the forum. *Farquhar*, *supra*, citing *Work v. Bier*, 107 F.R.D. 789, 792 (D.C. 1985).

23. It is also the position of the Defendants that the Plaintiff has failed to provide the "reasonable notice" required by Fed. R. Civ. P 30 for the depositions.

24. As set forth above, the "Re-Notices of Deposition" (**Exhibits A, B and C**) were served via email after the close of business on May13, 2021. Accordingly, the "Re-Notices of Depositions" were effectively served on May 14, 2021, which does not provide 14 days' notice for any of the requested depositions.

25. Moreover, the "Re-Notices of Deposition" (**Exhibits A, B and C**) are also impermissibly vague, overbroad, and ambiguous, rendering compliance impossible.

26. Fed R. Civ. P. 30(b)(6) requires a deposing party to describe with reasonable particularity the matters on which examination is required.

27. The "Re-Notices of Deposition" do not comply with Fed. R. Civ. P. 30(b)(6), as it seeks testimony regarding vague and ambiguous topics such as the allegations set forth in Plaintiff's Complaint, these Defendants' knowledge of "the underlying lawsuits," documents that may or may not have been produced in this litigation, and assumptions of all potential witnesses named by these Defendants in this case. (See **Exhibits A, B and C**)

28. Pursuant to Fed. R. Civ. P. 26(b)(2)(C), a court may limit discovery otherwise allowed if the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient or less burdensome. See *Edwards v. Scrips Media, Inc.*, 331 F.R.D. 116, 121-122 (E.D. Mich. 2019).

29. Good cause exists for this Court to enter an Order preventing the depositions of Defendants' corporate representatives on the unilaterally selected dates of May 26 and 27, 2021, as set forth above. (See also **Exhibits A, B and C**)

30. In the alternative, good cause exists for this Court to enter an Order quashing Plaintiff's "Re-Notices of Deposition" (**Exhibits A, B and C**) and providing that Plaintiff re-issue a Notice and set forth, with reasonable particularity, the matters on which examination is required

6

and in compliance with the location requirements previously ordered by this Court in its OMNIBUS ORDER (ECF No. 143).

WHEREFORE, Defendants respectfully request that this Honorable Court grant their Emergency Second Motion for Protective Order and to Quash Notices of Deposition attached as Exhibits A, B and C, for the reasons set forth herein and issuing sanctions in favor of the Defendants against Plaintiff and/or Plaintiff's counsel for having to bring a Second Motion for Protective Order after this Court previously dedicated significant time, attention and resources in granting the Defendants' prior Motions for Protective Order.

                                  VANDEVEER GARZIA, P.C.

                                  By: /s/ David B. Timmis_____
                                      **DAVID B. TIMMIS (P40539)**
                                      **DAVID Q. HOUBECK (P77002)**
                                      Attorney for Defendants
                                      840 West Long Lake Road, Suite 600
                                      Troy, MI 48098
                                      (248) 312-2800/(248) 879-0042 (fax)
                                      dtimmis@vgpclaw.com
                                      dhoubeck@vgpclaw.com

Dated:  May 25, 2021

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TODD COURSER,

      Plaintiff,

v

RADISSON HOTELS INTERNATIONAL, INC.,
a Delaware corporation, RADISSON GROUP,
INC.,
a Minnesota corporation, CARLSON REZIDOR
HOTEL GROUP, an international partnership,
BLOCK 100 LIMITED PARTNERSHIP, a
Michigan limited partnership, and WINEGARDNER
& HAMMONS, INC., an Ohio corporation, and
WINEGARDNER & HAMMONS HOTEL GROUP,
LLC, a Delaware limited liability company,

      Defendants.

Case No. 1:18-cv-01232
Hon. Gordon J. Quist
Mag. Phillip J. Green

**BRIEF IN SUPPORT**

_____/

| | |
|---|---|
| MATTHEW S. DePERNO (P52622) <br> DePERNO LAW OFFICE, PLLC <br> Attorney for Plaintiff <br> 251 North Rose Street, Suite 200 <br> Kalamazoo, MI 49007 <br> (269) 321-5064 | DAVID B. TIMMIS (P40539) <br> DAVID Q. HOUBECK (P77002) <br> VANDEVEER GARZIA, P.C. <br> Attorney for Defendants Radisson <br> Hotels International Inc., Radisson Group, Inc., <br> Carlson Rezidor Hotel Group, Block 100 <br> Limited Partnership, Winegardner & <br> Hammons, Inc. and Winegardner & Hammons <br> Hotel Group LLC <br> 840 West Long Lake Road, Suite 600 <br> Troy, MI 48098 <br> (248) 312-2800/(248) 879-0042 (fax) <br> dtimmis@vgpclaw.com <br> dhoubeck@vgpclaw.com |

_____/

2

## STATEMENT OF ISSUES PRESENTED

I. **WHETHER THE UNILATERALLY NOTICED DEPOSITIONS OF THE DEFENDANTS' CORPORATE REPRESENTATIVES SHOULD BE QUASHED AS DEFENDANTS HAVE DEMONSTRATED "GOOD CAUSE" TO QUASH THE RE-NOTICES OF DEPOSITION AND ENTER A PROTECTIVE ORDER SIMILAR TO THAT PREVIOUSLY ORDERED BY THIS COURT IN ITS OMNIBUS ORDER (ECF NO. 143).**

*Defendants answer:*         Yes

*Plaintiff's answer:*         No

*This Court should answer:*    Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF

FED. R. CIV. P 30.

## STATEMENT OF MATERIAL FACTS

The Defendants incorporate the facts contained in the Motion, above.

## LAW AND ARGUMENT

I. **THE UNILATERALLY NOTICED DEPOSITIONS OF THE DEFENDANTS' CORPORATE REPRESENTATIVES SHOULD BE QUASHED AS DEFENDANTS HAVE DEMONSTRATED "GOOD CAUSE" TO QUASH THE RE-NOTICES OF DEPOSITION AND ENTER A PROTECTIVE ORDER SIMILAR TO THAT PREVIOUSLY ORDERED BY THIS COURT IN ITS OMNIBUS ORDER (ECF NO. 143).**

The Defendants incorporate the law and argument set forth in the Motion, above, as if fully stated herein.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court grant their Emergency Second Motion for Protective Order and to Quash Notices of Deposition attached as Exhibits A, B and C, for the reasons set forth herein and issuing sanctions in favor of the Defendants against Plaintiff and/or Plaintiff's counsel for having to bring a Second Motion for Protective Order after this Court previously dedicated significant time, attention and resources in granting the Defendants' prior Motions for Protective Order.

VANDEVEER GARZIA, P.C.

By: /s/ David B. Timmis\_\_\_\_ \_\_\_\_
    **DAVID B. TIMMIS (P40539)**
    **DAVID Q. HOUBECK (P77002)**
    Attorney for Defendants
    840 West Long Lake Road, Suite 600
    Troy, MI 48098
    (248) 312-2800/(248) 879-0042 (fax)
    dtimmis@vgpclaw.com
    dhoubeck@vgpclaw.com

Dated: May 25, 2021

*PROOF OF SERVICE*

I certify that on May 25, 2021, I filed the foregoing document with the Clerk of the Court via the efiling system, which will deliver notice of same to all counsel of record.

    /s/ Melissa Grima\_\_\_
        Melissa Grima