# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD COURSER,

            Plaintiff,

v

RADISSON HOTELS INTERNATIONAL, INC.,
a Delaware corporation, RADISSON GROUP, INC.,
a Minnesota corporation, CARLSON REZIDOR
HOTEL GROUP, an international partnership,
BLOCK 100 LIMITED PARTNERSHIP, a
Michigan limited partnership, and WINEGARDNER
& HAMMONS, INC., an Ohio corporation, and
WINEGARDNER & HAMMONS HOTEL GROUP,
LLC, a Delaware limited liability company.

            Defendants.

Case No. 1:18-cv-01232

Hon. Gordon J. Quist

Mag. Phillip J. Green

| | |
|---|---|
| MATTHEW S. DePERNO (P52622)<br>DePERNO LAW OFFICE, PLLC<br>Attorney for Plaintiff<br>951 W. Milham Ave.<br>P.O. Box 1595<br>Portage, MI 49081<br>(269) 321-5064 | ANTHONY J. KOSTELLO (P57199)<br>JAMES M. HICKS (P42699)<br>VANDEVEER GARZIA, P.C.<br>Attorneys for Defendants Radisson<br>Hotels International Inc., Radisson Group, Inc.,<br>Carlson Rezidor Hotel Group, Block 100 Limited<br>Partnership, Winegardner & Hammons, Inc. and<br>Winegardner & Hammons Hotel Group LLC<br>840 West Long Lake Road, Suite 600<br>Troy, MI 48098<br>(248) 312-2800/(248) 879-0042 (fax)<br>akostello@vgpclaw.com<br>jhicks@vgpclaw.com |

## DECLARATION OF SANJEEV RAUT

STATE OF MINNESOTA    )
                                ) ss.
COUNTY OF HENNEPIN    )

GP:4834-9448-7240 v1

The undersigned declarant hereby deposes and avers as follows:

    1. That I am over the age of 18;

    2. That I believe in the obligations of an oath;

    3. That I have personal knowledge as to the facts contained within this declaration;

    4. That I execute this declaration as my own free and voluntary act;

    5. I am Vice President, Operations Support, Americas Operations, for Radisson Hospitality, Inc. ("RHI"), the corporate parent of Radisson Hotels International, Inc.

6. Carlson Rezidor Hotel Group ("CRHG") is the former trade name of RHI, and is not a legal entity with any practical or legal existence.

7. I make the following declaration in support of a Motion for Summary Judgment to be filed on behalf of Radisson, RGI, and Carlson Rezidor Hotel Group (collectively the "Radisson Defendants").

8. I submit this affidavit based on my personal knowledge and knowledge obtained from a review of the Radisson Defendants' business records, which I have reviewed in the normal course of my job duties.

9. The Radisson Defendants are defendants in the above-caption matter. I am aware that Plaintiff Todd Courser alleges that he was the victim of improper wiretapping and surveillance and that third parties gained access to his hotel room and reservation information at the then-Radisson® system hotel located at 111 N. Grand Avenue in Lansing, Michigan, 48933 (hereinafter "Hotel").

10. Radisson is a well-known licensor of quality guest lodging systems. The Radisson® trade name, trademarks and service marks (collectively "Radisson® Marks" or "Marks") have been used continuously by Radisson and those licensed by Radisson in connection with the provision of quality guest lodging services associated with the Radisson® Marks.

11. Each Radisson® hotel exists and operates either under direct management by an affiliate of Radisson or under a franchise or license agreement pursuant to which Radisson exerts certain limited controls to assure protection of the Radisson® Marks.

12. Radisson does not itself own or operate any hotels. Instead, Radisson operates a guest lodging facility franchise system (the "Radisson® Franchise System"). There are more than 80 Radisson® guest lodging facilities located in the United States and internationally.

13. As the licensor of the Radisson® Franchise System, Radisson enters into license agreements with individual licensees by which those licensees are permitted to operate their hotels as Radisson® guest lodging facilities and to display the Radisson® Marks in connection with the operation of their individually owned and operated Radisson® system hotels.

14. RGI is a mere corporate affiliate of Radisson. CRHG is the former trade name of RHI. RHI, RGI, and CRHG have no relationship with the Hotel, Block 100 Limited Partnership, or any person or other entity that owns, operates, manages, or controls the Hotel. Neither RHI, RGI, nor CRHG have or had any relationship with Block 100 Limited Partnership, Winegardner & Hammons, Inc., or Winegardner & Hammons Hotel Group, LLC. Radisson has nor has ever had any relationship with Winegardner & Hammons, Inc. or Winegardner & Hammons Hotel Group, LLC.

15. At the time of the alleged winter of 2015 incident, the Hotel was independently owned, operated, managed and controlled by Defendant, Block 100 Limited Partnership. On or about March 1, 2009, Block 100 Limited Partnership entered into a license agreement with Radisson (hereinafter "License Agreement"). A true and correct copy of the License Agreement is attached as **Exhibit D** to the Brief in Support of Defendants' Motion for Summary Judgment. The only redactions in the attached copy of the License Agreement are provisions containing financial information, which is commercially sensitive and private between Radisson and its licensees. The License Agreement governs the entire relationship between Block 100 Limited Partnership, as licensee, and Radisson, as licensor.

16. As licensee, Block 100 Limited Partnership was responsible for the safety, maintenance, upkeep, and security of the Hotel premises. In addition, Block 100 Limited Partnership was responsible for all employment-related matters, including hiring, supervising, disciplining, terminating, scheduling, training and compensating all staff who work at the Hotel. Block 100 Limited Partnership was also responsible to retain its own accountants, attorneys, or other professionals necessary for the operation of the business. The Radisson Defendants did not participate in these activities with respect to the Hotel, and specifically did not, nor did they have a right to, supervise the day-to-day work of the Hotel staff.

17. Block 100 Limited Partnership was responsible for the financial management of the Hotel, including selecting vendors, setting the rates to be charged for rooms, obtaining any necessary loans, purchasing supplies and equipment, and the like. The Radisson Defendants did not control or participate in the financial management of the Hotel.

18. The Radisson Defendants did not, nor did they have a right to, control the day-to-day activities necessary to carry on the business operations of the Hotel.

19. The Radisson Defendants did not control daily, routine, or any other form of maintenance or repair of the Hotel premises.

20. The Radisson Defendants did not control business expenditures at the Hotel

premises.

21. The Radisson Defendants did not pay the utilities for the Hotel.

22. The Radisson Defendants did not set customer rates at the Hotel.

23. The Radisson Defendants did not have authority to take any particular action regarding the day-to-day operation of the Hotel. In the event that a licensee refuses a request from Radisson and that refusal rises to the level of a material breach of the License Agreement, Radisson's sole remedy is to terminate the License Agreement, and end the license relationship.

24. Radisson, as licensor, retains an interest in assuring the consistent quality of hotels that bear the Radisson® name.

25. The Radisson Defendants did not select or control the Hotel staff and/or their access to the Plaintiff's hotel room.

26. At no time have the Radisson Defendants assumed any duties under any lease or other agreement for the Hotel.

27. At no time did the Radisson Defendants voluntarily undertake any control, ownership, maintenance, or repair obligations with respect to the Hotel or its staff.

I declare under penalty of perjury, and under the laws of the State of Michigan, that the foregoing is true and correct and that this declaration was executed on August 19, 2020, at Minnetonka, Minnesota.

*[signature]*

Sanjeev Raut