TODD COURSER,

        Plaintiff,

v

RADISSON HOTELS INTERNATIONAL, INC.,
a Delaware corporation, RADISSON GROUP, INC.,
a Minnesota corporation, CARLSON REZIDOR
HOTEL GROUP, an international partnership,
BLOCK 100 LIMITED PARTNERSHIP, a
Michigan limited partnership, and WINEGARDNER
& HAMMONS, INC., an Ohio corporation, and
WINEGARDNER & HAMMONS HOTEL GROUP,
LLC, a Delaware limited liability company.

        Defendants.

Case No. 1:18-cv-01232
Hon. Gordon J. Quist
Mag. Phillip J. Green

| MATTHEW S. DePERNO (P52622) | DAVID B. TIMMIS (P40539) |
|---|---|
| DePERNO LAW OFFICE, PLLC | DAVID Q. HOUBECK (P77002) |
| Attorney for Plaintiff | VANDEVEER GARZIA, P.C. |
| 951 W. Milham Ave. | Attorneys for Defendants Radisson |
| P.O. Box 1595 | Hotels International Inc., Radisson Group, Inc., |
| Portage, MI 49081 | Carlson Rezidor Hotel Group, Block 100 |
| (269) 321-5064 | Limited Partnership, Winegardner & |
|  | Hammons, Inc. and Winegardner & Hammons |
|  | Hotel Group LLC |
|  | 840 West Long Lake Road, Suite 600 |
|  | Troy, MI 48098 |
|  | (248) 312-2800/(248) 879-0042 (fax) |
|  | dtimmis@vgpclaw.com |
|  | dhoubeck@vgpclaw.com |

**REPLY OF DEFENDANTS WINEGARDNER & HAMMONS, INC. AND
WINEGARDNER & HAMMONS HOTEL GROUP, LLC TO [ECF No. 188]
PLAINTIFF'S COLLECTIVE RESPONSE TO
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

NOW COME Defendants, WINEGARDNER & HAMMONS, INC. ("WHI") and WINEGARDNER & HAMMONS HOTEL GROUP, LLC[1] ("WHHGL") (collectively "the WHI Defendants"), and for their Reply to Plaintiff's Collective Response to Defendants' Motions for Summary Judgment [ECF No. 188], state as follows:

**INTRODUCTION**

As set forth in the principal Motion of the WHI Defendants [ECF No. 183], seven of the nine counts in Plaintiff's Complaint are time-barred by the applicable statutes of limitations (Counts 3-9). In his Response [ECF No. 188], Plaintiff attempts to mislead this Honorable Court by claiming that "prior actions" tolled the applicable two and three-year statutes of limitations. (See Plaintiff's Response, ECF No. 188, PageID.4472-4473). As Plaintiff is well aware, the WHI Defendants were *not* named Defendants in any "prior" action. (See **Ex. K**[2], Plaintiff's Original Complaint). Accordingly, the "prior actions" which did not involve the WHI Defendants could not possibly "toll" the statutes of limitations applicable to Plaintiff's claims against the WHI Defendants. Accordingly, there is no question of fact that the WHI Defendants are entitled to summary judgment of Plaintiff's Counts 3-9 because the claims are time-barred.

The WHI Defendants are also entitled to summary judgment of Plaintiff's remaining claims (Counts 1-2), which allege violations of RICO, because Plaintiff has failed to direct this Court to a shred of admissible evidence in his Response which supports Plaintiff's frivolous RICO allegations against the WHI Defendants. As this Court is well aware, Plaintiff's absurd "theory" of liability in the present matter is that numerous individuals "conspired" to have Plaintiff removed from office as a newly elected State Representative. The alleged "conspiracy" involved alleged

---

[1] As set forth in these Defendants' Answer to Plaintiff's Complaint [ECF No. 15], Defendant WHHGL did not have any involvement in the operation, management or control of the Radisson Hotel Lansing and is not a proper party to this action. (See ECF No. 15, PageID.73).
[2] Exhibits **A-J** were attached to the WHI Defendants' principal Motion [ECF No. 183].

2

conduct by individuals (not including the WHI Defendants) to collect true and accurate information about *the Plaintiff's* illegal, unethical and fraudulent conduct. **Indeed, *the Plaintiff* is the only person involved in this matter who was charged with a crime**[3] despite extensive investigations by the Michigan House of Representatives (the "House") and the Michigan State Police ("MSP"). (See **Ex. L**, *Lapeer County prosecutor will not prosecute Joe Gamrat*, The Detroit News, Nov. 15, 2015, last visited on Aug. 11, 2021; see also ECF No. 181-3, PageID 2751-2753).

Despite the thorough and extensive investigations by the House and the MSP, which included successful efforts to recover deleted information from Mr. Joseph Gamrat's and Mr. David Horr's smart phones, and more than two years of discovery, **no audio or visual recording of Plaintiff at the Hotel was ever found, proven to exist or determined to have ever existed**, which is the basis of Plaintiff's frivolous claims against the WHI Defendants. (See ECF No. 188, PageID.4449). There is no audio or visual recording of Plaintiff at the Hotel attached to Plaintiff's Response. (See ECF No. 188). There is no admissible evidence included in Plaintiff's Response which demonstrates or creates a "question of fact" that Plaintiff was ever recorded at the Hotel. Ultimately, there is no evidence to support any of the Plaintiff's frivolous claims against the WHI Defendants.

A. **The WHI Defendants are entitled to summary judgment of Plaintiff's RICO claims (Counts 1-2) as a matter of law.**

In a frivolous and disingenuous effort to salvage his RICO claims (Counts 1-2), Plaintiff takes the untenable position in his Response that "Plaintiff need not allege that Defendants committed any crimes, only that they committed an unlawful (i.e. tortious) act, which clearly is

---

[3] The Lapeer County Prosecutor determined that Joseph Gamrat, David Horr and Vincent Krell (the alleged "conspirators" ) did not engage in any criminal conduct and that their conduct did not "rise to the level of criminal extortion." (See **Ex. L**, p. 1).

*alleged*." (See ECF No. 188, PageID.4472). First, Plaintiff is asking this Court to upend federal RICO law to find that "tortious" as opposed to "criminal" conduct is sufficient to sustain a RICO claim. This is patently absurd and contrary to decades of Federal law. It is well-established that "Congress…enacted RICO…to 'seek eradication of **organized crime** in the United States by strengthening legal tools…establishing new penal prohibitions, and by providing enhanced sanctions and new remedies.'" *United States v. Pepe*, 747 F.2d 632, 674 (11th Cir. 1984) (emphasis added). RICO was not enacted to combat "organized torts" (which are also not present here), as Plaintiff would have this Court find.

Second, Plaintiff has not directed this Court to a shred of evidence of any "tortious activity" by any representative of the WHI Defendants. Plaintiff did not produce any recording of Plaintiff which was allegedly recorded at the Hotel (**because no such recording exists**). Plaintiff did not produce a single email that was allegedly sent to a third-party and which allegedly contained private, privileged or confidential information about Plaintiff. Although Plaintiff alleges that invoices were emailed to Mr. Joseph Gamrat, Plaintiff did not produce any such emails (in fact, Plaintiff did not even depose Mr. Gamrat in this case). Further, the subject invoices do not include any personally identifying information about Plaintiff or his stay. (See **Ex. F**). Finally, Plaintiff has not produced a shred of evidence that Hotel staff (let alone a representative of the WHI Defendants) provided third parties with access to Plaintiff's Hotel room. In fact, Mr. Gamrat testified in no uncertain terms that Hotel "employees and staff **weren't** granting and assisting me to get access" to Plaintiff's or Ms. Bauer's rooms (in the event that the Court is of the opinion that Mr. Gamrat's testimony in a State Court action not involving Block 00 is admissible, as further discussed below). (See **Ex. M**, Joseph Gamrat Dep. Trans., State Court Action, p. 64:16-25) (emphasis added).

Ultimately, Plaintiff has failed to rebut the WHI Defendants' Motion for Summary Judgment with anything other than speculation and conjecture, which is insufficient to defeat the properly plead Motion. *Vaughn v. Watkins Motor Lines, Inc*., 291 F.3d 900, 907 (6th Cir. 2002) citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986) ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial").

Further, Plaintiff's Response does not even address the fact that Plaintiff's Complaint fails to plead with the heightened particularity requirements of Fed. R. Civ. 9(b). As set forth in the WHI Defendants' principal Motion, when a RICO violation is predicated on allegations of fraud, as is the case here, the plaintiff must also comply with the heightened particularity requirements of Fed. R. Civ. P. 9(b) with respect to the elements of fraud. *Berent v. Kemper Corp.*, 780 F.Supp. 431, 447-448 (E.D. Mich. 1991). This requires setting forth factual allegations of the time, place, subject matter, and precise individuals who a made the fraudulent statements. *Id.* at 448. Here, in addition to failing to support his RICO claims with any admissible evidence, Plaintiff has also failed to plead his RICO claims with particularity. In his Complaint, Plaintiff failed to identify any specific time, place, subject matter, identity, or specific involvement of precise individuals, or fraudulent statements made regarding the WHI Defendants. (See **Ex. D**, Plaintiff's Complaint). Similarly, in his present Response [ECF No. 188], Plaintiff has failed to set forth any admissible evidence in support of any of these required elements.

Plaintiff's attempt to circumvent the lack of the requisite "continuity" to support a RICO action by claiming that the WHI Defendants were motivated to (1) remove Plaintiff from office, (2) extort and (3) bring criminal charges against Plaintiff is beyond frivolous. There is absolutely

no evidence whatsoever that the WHI Defendants had any knowledge of the existence of Plaintiff, let alone knowledge of Plaintiff's illegal, unethical or fraudulent conduct which ultimately led to Plaintiff's criminal conviction.

Finally, the fact that the alleged "conspirators" (i.e. Messrs. Gamrat, Krell and Horr) were not charged with any "crime" as the result of the conduct alleged by Plaintiff is definitive proof that no "crime" occurred, and, thus, Plaintiff's RICO claims are not viable.

The Plaintiff has failed to support his RICO claims with a shred of admissible evidence. Accordingly, the Court should grant the WHI Defendants' Motion for Summary Judgment and dismiss Counts 1 and 2 (RICO).

**B.** **Counts 3-9 of Plaintiff's Complaint are barred by the applicable two and three-year statutes of limitations.**

At pages 27-28 of his Response [ECF No. 188, PageID.4472-4473], Plaintiff claims that MCL 600.5856 extended the applicable statutes of limitation applicable to Plaintiff's Federal and State Wiretapping and other State law claims (Counts 3-9) for 691 days. The Plaintiff's argument is knowingly disingenuous and wrong. First, as set forth above, the WHI Defendants were not named parties to any "prior action" filed by Plaintiff. (See **Ex. K**, Plaintiff's Original Complaint). Under MCL 600.5856(a), if a plaintiff files a complaint and a copy of the summons and complaint are served on the defendant prior to the expiration of the statute of limitations, the statute of limitations is tolled during the pendency of the prior suit **so long as the prior suit is between the same parties and the prior suit was not adjudicated on the merits**. *Roberts v. Troy*, 170 Mich. App. 567, 581; 429 NW2d 206 (1988). Accordingly, as a matter of law, Plaintiff's "prior actions" have no relevance to the WHI Defendants and certainly did not "toll" any statutes of limitations applicable to the claims brought by Plaintiff against the WHI Defendants.

### 1. The "accrual date" of Plaintiff's claims is May 21, 2015, at the latest.

Plaintiff testified that he "immediately" knew (i.e. on the same day of the alleged occurrence) that someone was allegedly surveilling or recording him at the Hotel. (See **Ex. G**, Plaintiff's Dep Trans, pp 73:22 to 74:13). Further, Plaintiff claimed to be receiving the alleged "extortion texts" while at the Hotel. (See **Ex. G**, Courser Dep. Trans., pp. 71:13-23 to 73:15). The last day that Plaintiff stayed at the Hotel was May 21, 2015. (**Ex. F**, Invoices, Bates #WIN000509). Further, Plaintiff filed a complaint with the Michigan State Police regarding the "extortion texts" in August of 2015. (See **Ex. G**, Courser Dep. Trans., pp. 71:13-23 to 73:15). Plaintiff's untimely Complaint was not filed until November 2, 2018, more than three years later.

At pages 28-29 of his Response [ECF No. 188, PageID.4473-4474], Plaintiff cites MCL 600.5857 and MCL 600.5855 in support of his vague and ambiguous argument regarding the applicable three-year statutes of limitations applicable to the Plaintiff's State law claims. It is unclear how Plaintiff believes these statutes support his position. Regardless, MCL 600.5857, which provides that "the claim accrues at the time the wrong upon which the claim is based was done *regardless of the time when damage results*[,]" coupled with Plaintiff's own testimony, supports the WHI Defendants' position that the "accrual date" of Plaintiff's claims was May 21, 2015, at the latest. As set forth above, Plaintiff's claims against the WHI Defendants are based on alleged conduct which occurred only during the time that Plaintiff stayed at the Hotel. The last day Plaintiff stayed at the Hotel was May 21, 2015. (**Ex. F**, Invoices, Bates #WIN000509).

Similarly, Plaintiff completely fails to address how MCL 600.5855, which provides, in part, that a statute of limitations may be extended if the defendant "fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim," supports his position in the present matter. Plaintiff

7

does not allege, nor is there any evidence to support a finding, that the WHI Defendants "concealed" anything from Plaintiff, including because no claim against the WHI Defendants exists. Accordingly, MCL 600.5855 is completely inapplicable here. As a matter of law, Plaintiff's Counts 3-9, all of which are governed by two or three-year statutes of limitations, are time-barred as a matter of law. See 18 U.S.C. § 2520(e) (two-year statute of limitation applicable to Count 3, Federal Wiretapping Act); MCL § 600.5805(2) (three-year statute of limitation applicable to Count 3, Michigan Eavesdropping Statute); MCL § 600.5805(2) (three-year statute of limitation of Counts 4 through 9); see also *Terlecki v. Stewart*, 278 Mich App 644, 653; 754 NW2d 899 (2008) ("[A]n allegation of conspiracy is 'superfluous' as far as determining the applicable statute of limitations. [Citation omitted]. It follows that the conspiracy claim takes on the limitations period for the underlying wrong that was the object of the conspiracy.").

C. **Plaintiff has failed to direct this Court to a shred of admissible evidence in support of any of his claims.**

The only alleged "evidence" that Plaintiff references in support of his Response as it relates to the WHI Defendants includes (1) text messages of non-parties and (2) deposition transcripts of non-parties from other cases. These items do not create a genuine issue of material fact and, of course, are inadmissible hearsay. By relying on the substance of the alleged "extortion texts," Plaintiff is asking the Court to find that the substance of the alleged "extortion texts" is reliable. Plaintiff is essentially asking the Court to find that the individuals who Plaintiff claims to be "extortionists" are actually "truthful and reliable extortionists." The fact that Plaintiff's present claims are based solely and entirely on the inadmissible text messages of alleged "extortionists" exemplifies the frivolity of Plaintiff's claims against the WHI Defendants.

### 1. Text messages of non-parties are inadmissible hearsay.

In his Response, Plaintiff claims that the text messages of non-parties, Messrs. Gamrat, Horr and/or Krell, are admissible because the text messages were "authenticated" in depositions taken in this case of the Plaintiff (who did not author any of the text messages) and Ms. Cindy Bauer (who also did not author any of the text messages) and in depositions taken in other cases of Mr. Joseph Gamrat and Mr. David Horr, whose testimony was not subjected to cross-examination by counsel for the WHI Defendants (because the WHI Defendants were not named defendants in the State Court Action) and is inadmissible in the present matter, as discussed further below. First, neither Plaintiff, nor Ms. Bauer, can "authenticate" the substance or truthfulness of information contained in text messages which were sent by someone else. Otherwise, any recipient of any document (such as police report) would be able to "authenticate" the substance of that document, which would completely abrogate the Rules of Evidence.

Second, as set forth in the WHI Defendants' principal Motion, the text messages of Mr. Horr, Mr. Gamrat and/or Mr. Krell are clearly out-of-court statements offered to prove the truth of the matter asserted and therefore must be excluded from consideration as hearsay. See *Franklin Global Res. v. Lee*, 2016 U.S. Dist. LEXIS 193279 (S.D. Tex. Aug. 12, 2016) (**Ex. J**) ("[Plaintiff] also seeks to submit as summary judgment evidence a cell phone text message purportedly from [Defendant] to a recipient whom [Plaintiff] does not identify in the motion…The admissibility of evidence 'is governed by the same rules, whether at trial or on summary judgment.' [Citation omitted]. The text message is not admissible as summary judgment evidence because it is hearsay, and [Plaintiff] makes no argument that it falls under an exclusion or exception to the hearsay rule."); see also *Gohl v. Livonia Pub. Schs. Sch. Dist.*, 836 F.3d 672, 681 (6th Cir. 2016) ("The Court cannot consider evidence at summary judgment that a jury could not consider at trial.").

### 2. The deposition transcripts of Mr. David Horr and Mr. Joseph Gamrat, which were taken in a State Court Action in which the WHI Defendants were not a party, are not admissible.

Federal Rule of Civil Procedure 32 governs the use of depositions in court proceedings. Depositions taken in prior actions are not admissible in a subsequent action unless the subsequent action "involve[s] the same subject matter, ***between the same parties***, or their representatives or successors in interest…" See Fed. R. Civ. P. 32(a)(8). The clear intent behind Rule 32(a)(8) is that a prior case involving the same parties *and* the same subject matter would have provided all parties with an opportunity to question or cross-examine a deponent, which renders the prior testimony sufficiently vetted and therefore admissible. Likewise, in circumstances where either (1) the parties or (2) the subject matter are different, then the prior testimony would not be sufficiently vetted or sufficiently complete to render the prior testimony admissible. This is exactly the case here.

In the present matter, in his Response [ECF No. 188], Plaintiff attached the transcript of a deposition of Mr. Horr (Plaintiff's Exhibit 4) and Mr. Gamrat (Plaintiff's Exhibit 5) taken in the matter of *Todd Courser v. Joseph Gamrat and David Horr* pending in State Court in the Circuit Court for the County of Kalamazoo. Again, the WHI Defendants were *not* parties to that action. (See Case Caption at ECF No. 188-7, PageID.5271 & ECF No. 188-8, PageID 5278). Counsel for the WHI Defendants did *not* have an opportunity to cross-examine Mr. Horr or Mr. Gamrat at their depositions in the State Court matter. Accordingly, pursuant to Rule 32, the transcripts of the depositions of Mr. Horr and Mr. Gamrat in the State Court action are not admissible in the present matter. As set forth in *Gohl v. Livonia Pub. Schs. Sch. Dist.*, 836 F.3d 672, 681, "[t]he Court cannot consider evidence at summary judgment that a jury could not consider at trial."

Accordingly, the prior testimony of Mr. Horr (Plaintiff's Exhibit 4) and the prior testimony Mr. Gamrat (Exhibit 5) are not admissible for purposes of the present Motion.

## **CONCLUSION**

Based on the fact that Counts 3 through 9 are time-barred and Plaintiff has failed to support his RICO claims (Counts 1-2) with a shred of admissible evidence, the WHI Defendants are entitled to summary judgment as a matter of law.

VANDEVEER GARZIA, P.C.

By: /s/ David B. Timmis
**DAVID B. TIMMIS (P40539)**
**DAVID Q. HOUBECK (P77002)**
Attorney for Defendants Radisson
Hotels International Inc., Radisson Group, Inc.,
Carlson Rezidor Hotel Group, Block 100
Limited Partnership,
Winegardner & Hammons, Inc. and
Winegardner & Hammons Hotel Group
840 West Long Lake Road, Suite 600
Troy, MI 48098
(248) 312-2800/(248) 879-0042 (fax)
dtimmis@vgpclaw.com
dhoubeck@vgpclaw.com

Dated: August 13, 2021

### *PROOF OF SERVICE*

I certify that on August 13, 2021, I filed the foregoing document with
the Clerk of the Court via the efiling system, which will deliver notice
of same to all counsel of record.

/s/ Melissa Grima